Carlisle et al., v. Novak, 196 Ill. App. 385.

# A. L. Carlisle and G. N. Carlisle, trading as A. L. Carlisle & Son, Appellee, v. John L. Novak, Appellant.

## Gen. No. 6,077.    (Not to be reported in full.)

Appeal from the County Court of Kane county; the Hon. Frank G. Plain, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed October 20, 1915.

## Statement of the Case.

Action by A. L. Carlisle and G. N. Carlisle, trading as A. L. Carlisle & Son, plaintiffs, against John L. Novak, defendant, in the County Court of Kane county, to recover a broker's commission for negotiating the sale of defendant's farm to one Mattsen, a tenant of the farm in question. From a judgment for plaintiffs for $430.20, defendant appeals.

Plaintiffs introduced a letter from defendant to them, as follows:

"I hereby notify you that I am placing my farm in St. Charles, again on the market, and if you care to handle it on the basis of two per cent. commission, as we formerly agreed upon, I hereby authorize you to sell the farm for $150 an acre for cash or part cash, and for the balance a mortgage."

Defendant testified, in substance, that he procured the sale of the farm to the buyer in question and that having made a proposal to such buyer, which was rejected by him on account of dissatisfaction with the purchase price proposed, defendant suggested that such buyer submit the terms on which he would purchase, which was done, and defendant accepted the buyer's proposal. Plaintiffs introduced evidence to the effect that after the failure of defendant's negotiations, in accordance with defendant's written request as above stated, they commenced negotiations with Mattsen, inducing him to change his mind and to

submit the proposal testified to by defendant, which was prepared in their office, which was accepted and the farm sold to him. Plaintiffs' evidence was corroborated by Mattsen. It did not appear from plaintiffs' evidence whether the proposal by Mattsen, after being prepared by them, was submitted to defendant by Mattsen or by themselves.

The case was tried without a jury and the court refused to hold a proposition of law submitted by defendant, as follows:

"That the plaintiff did not earn a commission on the sale of the defendant's real estate to Mattsen by their prior conversations or negotiations, if any, with Mattsen, unless such conversations and negotiations resulted in bringing the defendant and Mattsen into direct negotiations which culminated in a sale."

WALTER TRUC, for appellant.

ROBERT G. EARLEY, for appellees.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

## Abstract of the Decision.

1. BROKERS, § 90*—*when evidence sufficient to sustain finding that broker induced buyer to purchase.* In an action to recover a broker's commission for procuring the sale of defendant's farm, where the evidence was conflicting as to whether defendant made the sale or whether such sale was brought about by plaintiffs' efforts after defendant had failed to induce the buyer to purchase, a finding for plaintiffs *held* not erroneous under the evidence.

2. BROKERS, § 95*—*when instruction on right to commission erroneous.* In an action to recover a broker's commission for negotiating the sale of defendant's farm, the buyer being a tenant of defendant, and where the evidence was conflicting as to whether defendant negotiated the sale without the intervention of plaintiffs, or whether, after failure of defendant's negotiations to effect a sale, the efforts of plaintiffs induced such buyer to again consider purchasing such farm, after which all the negotiations were conducted

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

by plaintiffs, a proposition of law to the effect that plaintiffs did not earn a commission by their prior negotiations, if any, with the tenant, unless such conversations and negotiations resulted in bringing the defendant and the tenant into direct negotiations which culminated in a sale, *held* properly refused as an incorrect statement of the law, and as it assumed the disputed fact of direct negotiations between plaintiffs and defendant.

---

William Decker, trading as Montgomery Table Works, Appellant, v. Albert Braverman, trading as Spokane Furniture Company, Appellee.

Gen. No. 6,097.     (Not to be reported in full.)

Appeal from the Circuit Court of Peoria county; the Hon. THEODORE N. GREEN, Judge, Presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed October 20, 1915.

### Statement of the Case.

Action of assumpsit by William Decker, trading as Montgomery Table Works, plaintiff, against Albert Braverman, trading as Spokane Furniture Company, defendant, in the Circuit Court of Peoria county, to recover the invoice price of manufactured goods sold and delivered to defendant. From a judgment for defendant, plaintiff appeals.

The controverted matters concern the purchase by the appellee of twelve oak library tables, called "tables in white," which were shipped to the defendant, but which defendant claims were not of the kind and quality purchased by him, and that he therefore returned them to the plaintiff.

The testimony of defendant was to the effect that he gave the order for the "tables in white" to a traveling salesman of plaintiff, to be like certain photographs which the salesman had displayed to him, and also, of the grade of oak, and in the kind of wood